Williams, J.
 

 The controlling question raised by the general demurrer to the petition is: Did The Cleveland Railway Company, the relator herein, have an adequate remedy by way of appeal from a decision of the administrator on its application with respect to seasonal and casual employment?
 

 If the right of appeal existed the relator is not entitled to a writ of mandamus on the facts alleged in the petition and the general demurrer thereto should be sustained.
 

 The determination of the question of appealability requires the especial consideration of certain statutory provisions: (a) Section 1345-29, General Code (116 Ohio Laws, part 2, 306), as it appeared in the original Unemployment Insurance Act, and Sections 1345-1 to 1345-35, inclusive, General Code, as amended and in effect August 7, 1937; (b) the subsequent
 
 *159
 
 amending act entitled “An act to create a Bureau of Unemployment Compensation superseding the Unemployment Commission of Ohio,” etc. (Sections 1346 to 1346-5, inclusive, General Code [118 Ohio Laws, 32], effective February 28, 1939), by which Sections 1345-12, 1345-23 and 1345-29, General Code, were repealed; (c) the provisions on appellate procedure found in Sections 12223-3 and 12223-23, General Code; and (d) the general saving statute, Section 26, General Code.
 

 The Cleveland Railway Company filed its application with the Unemployment Compensation Commission in December, 1938. Section 1345-29, General Code (116 Ohio Laws, part 2, 306), then in force, gave to an employer or employee aggrieved by an order of the commission the right to appeal therefrom to the Court of Common Pleas within 30 days. The section further provided that the appeal should be heard upon a transcript of the proceedings before the commission and that the order or decision should not be modified or reversed unless the court should find that it was unlawful or unreasonable. The statute did not provide any other steps to be taken to effect an appeal. Certainly no notice or appeal bond was necessary if not required by the enactment. It follows therefore that the appeal could be perfected by filing the transcript in the court appealed to within the time specified.
 

 Before the application was heard by the commission, however, the amending act was passed, by which Section 1345-29, General Code, was repealed, the Unemployment Compensation Commission abolished absolutely and every matter pending before that body, including the application of the relator, transferred to the newly created administrator. By Section 1346-1, General Code, the administrator was given full power to hear all applications so transferred to him; but no appeal from his decisions (or that of his' deputy) was given except from decisions on claims for benefits. Section 1346-4, General Code. From such decisions
 
 *160
 
 appeals were provided for, first to the board of review and then from its decision (or that of its referee) to the Court of Common Pleas. After reciting the provisions for such appeals, Section 1346-4, General Code, concludes with this language: “Except as herein provided, any decision made by the administrator or a deputy of the administrator by the board of review or one of its referees shall be final.”
 

 After the amending act became effective, the administrator, having assumed office, heard and denied the application. Since the relator’s claim related to seasonal and casual employment under Sections 1345-10 and 1345-11, General Code, and not to benefits, the decision of the administrator by the terms of Section 1346-4, alone, was final and so unappealable. But it is maintained that a right of appeal is afforded by Sections 12223-3 and 12223-23, General Code, and, if not, that appealability is saved by Section 26, General Code.
 

 What is the effect of Sections 12223-3 and 12223-23 ? Do they give a right of appeal from a final order of the administrator on matters other than claims for benefits notwithstanding the positive provision as to finality in Section 1346-4, General Code?
 

 Section 12223-3, General Code: “Every final order, judgment or decree of a court and,
 
 when provided by law,. the final order of any administrative officer, tribunal, or commission may be reviewed as hereinafter provided unless otherwise provided by law
 
 * * (Italics ours.)
 

 Section 12223-23, General Code: “A judgment rendered or final order made by a justice of the peace or any other tribunal, board, or officer, exercising judicial functions, and inferior to the Court of Common Pleas, may be reversed, vacated, or modified by the Common Pleas Court upon an appeal on questions of law.”
 

 When these two sections are considered together it is clear that they have no application to an appeal
 
 *161
 
 from the decision of the administrator. Section 1346-4 is specific and definite. It allows appeals from the administrator to the hoard of review and then only as to claims for benefits. As to all other matters (except in the exercise of the rule-making power under Section 1346-1, General Code) his action is final. Sections 12223-3 and 12223-23, when read together show they are inapplicable where there are such other specific and definite provisions covering the appealability and finality of orders of an administrative officer or board. Therefore Section 1346-4, alone, regulates the right of appeal from an order of the administrator, unless of course the general saving statute, Section 26, General Code, preserves the right as to an application filed originally with the commission.
 

 It remains to consider the effect of the saving statute. By virtue of its provisions, when the repeal or amendment of a statute relates to the remedy, it shall not affect pending proceedings “unless so expressed.”
 

 Under pronouncements of this court the undisposed of application of relator constituted a pending proceeding within the meaning of the statute.
 
 State, ex rel. Longano,
 
 v.
 
 Industrial Commission,
 
 135 Ohio St., 165, 20 N. E. (2d), 230;
 
 State, ex rel. Podley,
 
 v.
 
 Industrial Commission,
 
 127 Ohio St., 583, 190 N. E., 407;
 
 Industrial Commission
 
 v.
 
 Vail,
 
 110 Ohio St., 304, 143 N. E., 716. Nevertheless, if an appeal under Section 1345-29, General Code, was a new action, then the saving statute would not preserve the right. For instance prior to the enactment of the Appellate Procedure Act, effective January 1,1936, an appeal, which carried the same cause to a higher court, was not a new action but a phase of the action in the court of first resort. On the other hand a proceeding in error, which was instituted by filing a petition accompanied by service of summons in error or entry of appearance, was itself a new and original proceeding.
 
 Charles
 
 v.
 
 Fawley,
 
 71 Ohio St., 50, 72 N. E., 294. The
 
 *162
 
 appeal provided for in Section 1345-29, was a part of the same proceeding that was begun by the filing of the application. For the purpose of illustration comparison may be made with the appeal provided for in Section 1346-4, which is begun by the filing of a petition in the Court of Common Pleas and the issuance of summons. The latter would be a new proceeding. Under the new appellate procedure every appeal in a civil action is the identical case passing into the upper court. There is no new pleading to invoke appellate jurisdiction, no further issuance of process to be served. It was likewise with the appeal from the decision of the commission. Such an appeal when taken would constitute a part of the pending proceeding and could not be taken away without a clear and explicit expression to that effect in the amending statute. Implication or inference is insufficient; express provision is absolutely necessary.
 
 State, ex rel. Andrews et al., Board of Commrs.,
 
 v.
 
 Zangerle, And.,
 
 101 Ohio St., 235, 128 N. E., 165. Yet no particular form of expression is essential to show express intent. If it clearly appear from express language used in the amending or repealing statute that the provisions thereof apply to pending proceedings, it is “so expressed” within the meaning of the general saving law.
 

 There are many decisions construing Section 26, General Code (formerly Section 79, Revised Statutes), but
 
 Elder
 
 v.
 
 Shoffstall,
 
 90 Ohio St., 265, 107 N. E., 539, particularly approaches a parallel to the instant case.
 

 The statute under consideration there was Section 11455, General Code, which provided: “In all civil actions a jury shall render a verdict upon the concurrence of three-fourths or more of their number. #
 
 * *>>
 
 Although by its terms the law applied to all civil actions, it was held that the language was not broad enough to show an express intent to make it applicable to pending actions. That statute was more
 
 *163
 
 nearly specific in its crucial part than anything in the amending act referable to proceedings. The strongest language in the latter is a provision to the effect that, except in certain cases provided for, the decision of the administrator shall be final. The word “final,” as it is used there, means that from the decision of the administrator denominated final there shall be no appeal. Even if it had been further stated that the provisions of Section 1346-4, General Code, should apply to all proceedings, the right of appeal (given by Section 1345-29, General Code) in proceedings then pending before the commission would not be taken away under the pronouncement of
 
 Elder
 
 v.
 
 Shoffstall, supra.
 
 The provisions of the amending act are therefore such as do not show an express intent that they shall apply to pending proceedings.
 

 Section 26 is a salutary statute and should be preserved against emasculation by judicial interpretation. Its nature is such as to require it to be read in connection with every amending and repealing statute which affects pending actions, prosecutions or proceedings or existing causes of action, prosecutions or proceedings, for purposes of statutory construction. It is with knowledge of the existence of the general saving provision and its effect upon every revision or repeal of' remedial statutes that the General Assembly acts. Moreover recognition has been given by the legislative body of the state to the necessity for express provision in order to affect the remedy in pending proceedings. As one illustration reference is made to Section 2293-
 
 5t(a),
 
 General Code (117 Ohio Laws, 849),' effective March 14, 1938, in which, with respect to an entirely different matter, this language was used: “This act shall apply to all proceedings, including those pending at the time this act takes effect.” It would have been a very simple matter to include a like provision in the amending act of concern here, had the legislative
 
 *164
 
 intent been to make the enactment apply to pending proceedings.
 

 We are constrained to reach the conclusion that the relator had, under Section 1345-29, General Code, a right of appeal from the decisions of the administrator as successor to the commission and that the demurrer should therefore be sustained and a writ denied.
 

 Writ denied.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman and Bettman, JJ., concur.