The sole question is whether the relator is entitled to a peremptory writ of mandamus to compel respondent to proceed with the hearing of relator's claim for compensation for disability from May 1936 to January 31, 1938, on its merits and render a decision thereon.
In determining the question it is necessary to consider the two applications for additional compensation (each of which covered a period of time from May 1936) and the action taken by the commission on each of them.
With respect to the first of these applications, the relator contends it was never heard upon its merits. In the order thereon made February 10, 1937, the commission found that claimant quit his employment on or about May 11, 1936, upon permission to take a three-month leave of absence for reasons personal to himself and family; that the report of Dr. Hudson shows that there was some possibility of disability and that claimant's general physical condition was essentially negative; that there was no proof of disability for the period involved; and that he ceased work on a requested leave of absence. On these findings the application was dismissed.
The denial of the claim for additional compensation *Page 442 
was not on the ground the claimant had since May 1936 suffered disability that was not the result of the original injury. Such would be a denial on a jurisdictional ground which would afford a basis for rehearing and ultimately for appeal provided claimant was aggrieved on rehearing. Humphries v. WheelingSteel Co., 132 Ohio St. 263, 7 N.E.2d 230. The action of the commission, on the contrary, constituted a determination of the extent of the disability arising from the original injury and a disposition of the application on its merits.
Such a determination by the commission is final and the courts will not interfere by mandamus in the absence of an abuse of discretion. Possibility of disability is not sufficient to give a right to compensation. Probability is necessary. An examination of the record discloses that the findings and decision were supported by evidence and that there was no abuse of discretion.
The second application filed January 31, 1940, was granted to the extent that compensation was allowed for the period of two years prior to the filing of such application. The refusal of the application, insofar as it referred to the period prior to January 31, 1938, was based upon the two-year limitation provided for in Section 1465-86, General Code, as amended in 118 Ohio Laws, 415, effective August 28, 1939.
That section after reciting that the commission may make such modification or change with respect to its former findings and orders as in its opinion is deemed justified provides, among other things, that "the commission shall not make any such modification, change, finding or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor which is filed after this act becomes effective."
Claimant contends that the filing of the original application constituted the commencement of a proceeding; *Page 443 
that the subsequent filing of each application for additional compensation was only a step in the original proceeding; that there is no express statutory provision making the amended section applicable to pending proceedings; and that therefore by virtue of the general saving statute (Section 26, General Code) the amended section did not govern the commission as to the second application for additional compensation.
There was indeed a pending proceeding, which began with the filing of the original application and the subsequent applications were only steps in the same proceeding. The claimant is wrong, however, in asserting that there is no express provision in Section 1465-86, General Code, as amended, which makes the part thereof under consideration apply to a pending proceeding for compensation. Express language is necessary of course, but a recital in the precise language of Section 26, is not required. State, ex rel. Cleveland Ry. Co., v. Atkinson, Admr. of B. U. C., 138 Ohio St. 157,34 N.E.2d 233. The amended section by its express terms applies to every modification, change, finding or award made by the commission upon an application which is filed after that section becomes effective. Consequently it applied to claimant's second application for additional compensation.
Claimant makes one other contention. He maintains that the two-year provision even though it applies to the second application for additional compensation does not apply to the first. Therefore, he asserts, he may be awarded compensation for disability between May 1936 and January 31, 1938, on the first of these supplemental applications. As heretofore stated the first of these two applications was disposed of on its merits and the decision was final. The rule is definite as to subsequent action by the commission after such disposition. An application for additional compensation does not revive a former application whether supplemental or original. Were the rule otherwise the *Page 444 
commission could always be compelled to go back to the original or a supplemental application previously disposed of and reconsider its former action. As a result the two-year provision of the amended statute would be nullified.
The relator is not entitled to a writ of mandamus and the prayer of the petition is denied.
Writ denied.
WEYGANDT, C.J., TURNER, HART, ZIMMERMAN and BETTMAN, JJ., concur.
MATTHIAS, J., not participating.