STATE, EX REL. JEFFREY, INCOMPETENT, ETC., RELATOR, *v.* INDUSTRIAL COMMISSION OF OHIO AND GENERAL FIREPROOFING COMPANY, RESPONDENTS.

Ohio Appeals, Tenth District, Franklin County.

No. 5164.   Decided February 24, 1955.

Messrs. *Traxler & Beil*, for relator.

Mr. *C. William O'Neill*, attorney general, and Mr. *Paul Tague, Jr.*, assistant attorney general, for respondent, Industrial Commission of Ohio.

Messrs. *Harrington, Huxley & Smith, C. Kenneth Clark* of counsel, for respondent, General Fireproofing Company.

MILLER, P. J.  This is an original action in mandamus wherein the relator is seeking an order from this Court to compel the Industrial Commission of Ohio to order the payment of certain medical and hospital expenses incurred by the relator as a result of his injury.

The record reveals that the relator was injured on March 12, 1949, as the result of an accident while employed by the General Fireproofing Company, one of the respondents herein; that an application for compensation was filed with the Industrial Commission on June 22, 1949, and that he was determined to be totally and permanently disabled as a result of the injury; that he has been and still is receiving compensation for this disability.

Following the injury substantial medical bills were ordered paid by the employer, which order was complied with.  On May 19, 1951, a motion was filed with the Commission for additional medical and hospital expenses while being hospitalized at the Youngstown Receiving Hospital and in Massillon State Hospital, it appearing that the relator entered the hospital on June 15, 1950, and on August 16, 1950, he was transferred to the Mansfield State Hospital.  On November 20, 1953, this motion was passed by a majority of the members of the Commission, but not unanimously, the vote being two in favor of the motion and

one member opposing the same. The Commission refused to issue an order for payment for the reason that on the date of the injury and on the date of the filing of the first application for benefits, Section 1465-89, General Code (Section 4123.66, Revised Code), required that such allowances have the unanimous approval of the Commission. The aforesaid statute was amended on September 1, 1949 and that portion referring to the unanimous approval of the Commission was eliminated, thereby conferring authority on a majority of the members of the Commission. Since the expenses were incurred subsequent to the amendment the question presented is, which section of the Code is applicable to the factual situation. Counsel for the relator admits that if the relief sought is substantive rather than remedial, the statute in force and effect at the time of the injury would be applicable, and the amendment would not apply. It is urged, however, that the payment of medical expenses is only incidental to the allowance of the claim and is therefore only remedial in nature. This view we do not believe is in accordance with the pronouncements of our Supreme Court on this question. It is well recognized that compensation and medical benefits are governed strictly by the provisions of the Workmen's Compensation Act.

In the case of *Industrial Commission* v. *Kamrath*, 118 Ohio St., 1, at page 4, Judge Robinson says:

"The administrators of such fund are not clothed with a discretion to give or withhold, but are clothed with a power to determine whether the applicant has a legal right to participate in the fund, and to award him participation only in the event they find he has such legal right."

The legal right imposed on the Commission to pay for medical expenses out of the state insurance fund is found in Section 1465-89, General Code, which is a substantive right which accrues at the time of the injury. The third paragraph of the syllabus of the *Kamrath case, supra*, provides:

"The cause of action of an injured employee accrues at the time he receives an injury in the course of his employment."

With regard to the cause of action of a death claim the syllabus in the case of *State, ex rel. Jones & Laughlin Steel Corporation* v. *Industrial Commission*, 160 Ohio St., 223, reads as follows:

"The right of a dependent of a deceased employee to compensation under the Workmen's Compensation Act accrues upon the death of such employee from an injury received in the course of his employment; and the statutory law in force on the date of such death is controlling as to the maximum amount of such compensation."

In *State, ex rel. Bessler* v. *Industrial Commission,* 157 Ohio St., 297, the Court states at page 306 that

"The right of dependents to death benefits involves substantive law."

The second branch of the syllabus of this case indicates clearly that statutes involving the rights of claimants are prospective in their operation and not retroactive. This branch reads as follows:

"The amendment of Section 1465-68a, General Code, effective October 12, 1945, must be construed as prospective and not retroactive in effect."

We are of the opinion that no essential distinction exists between the character of death benefits and of medical service benefits. The right to each is provided for and limited by statute. A statement by the Court in the *Bessler case* that death benefits involve substantive law leads us to the conclusion that medical benefits as provided by statute in the instant case are of a similar status.

In addition to the foregoing we are of the opinion that the relator is not entitled to the relief sought for the reason that his cause of action was commenced with the filing of the original application on June 22, 1949.

In *State, ex rel. Thompson* v. *Industrial Commission,* 138 Ohio St., 439, the second paragraph of the syllabus provides:

"The filing of an application for compensation constitutes the commencement of a proceeding and the subsequent filing therein of an application for modification of a former finding and order or for additional compensation is but a step in a proceeding that is pending within the meaning of Section 26, General Code."

Under Section 26, General Code, it is expressly provided that an amended statute shall in no manner affect actions pending at the time of the amendment. And when the amendment relates to the remedy it shall not affect pending actions unless

so expressed. Nor shall any amendment affect a cause of action existing at the time of such amendment unless otherwise expressly provided in the amending act. Since the action was pending at the time of the amendment and the amendment does not expressly provide that it shall apply to pending actions, the relator is not entitled to its benefits.

The relator also urges that even though the unanimous action of the Commission was required to make its order effective, the failure of the Commission to act unanimously in favor of the allowance of the added benefits constituted an abuse of discretion. We are not in accord with such a conclusion. The statute by its own terms lodges a discretion in the members of the Commission in passing upon medical or hospital services in excess of $200.00. Services in excess of such amount are payable only in "unusual cases" and only after a "satisfactory finding of facts has been made." Members of the Commission are therefore vested with a wide area in which their discretion may be exercised. Some doubt may have appeared in the mind of the dissenting member of the Commission, whether the claim was for medical and hospital expense, for we find that the proof of claim filed with the Commission on May 27, 1952, makes no mention of the medical expenses, but provides "that said debt is for the support of William Jeffrey * * *."

In *State, ex rel. Ramsey* v. *Industrial Commission,* 140 Ohio St., 246, the Court refused a writ of mandamus in a similar situation where an abuse of discretion had been charged. The syllabus of this case provides:

"When, under Section 1465-89, General Code, the Industrial Commission has exercised its discretion by allowing a sum in excess of $200 to one who has rendered medical aid to a disabled employee, a court may not require the commission to pay an additional amount."

We are therefore unable to find any abuse of discretion on the part of one dissenting member of the Commission.

The writ as prayed for will be denied.

HORNBECK and WISEMAN, JJ., concur.