Howell, Appellee, *v.* Bureau of Unemployment Compensation, Appellant.

(No. 119—Decided December 13, 1961.)

*Mr. Charles A. Bakle,* for appellee.

*Mr. Mark McElroy,* attorney general, and *Mr. Daniel T. LeHigh,* for appellant.

GUERNSEY, P. J. The dates and events thereon pertinent to this appeal on questions of law are as follows:

September 22, 1959. A referee of the Unemployment Compensation Board of Review mailed to claimant, appellee herein, notice of his decision affirming the decision of the Administrator of the Bureau of Unemployment Compensation denying a claim of appellee theretofore filed for the week ending June 27, 1959.

September 29, 1959. Claimant filed application to institute further appeal to the board of review.

November 6, 1959. The board of review disallowed claimant's application to institute further appeal, and mailed claimant notice thereof.

December 4, 1959. Claimant filed notice of appeal in the Common Pleas Court of Paulding County, "from the decision and order of the Board of Review, Bureau of Unemployment Compensation, notice of which was mailed to appellant on the 6th day of November, 1959."

February 17, 1960. The Bureau of Unemployment Compensation filed a motion to dismiss the appeal for the reason that jurisdiction of the Common Pleas Court had not been properly invoked.

December 6, 1960. Journal entry of Common Pleas Court filed overruling motion to dismiss appeal.

January 27, 1961. The Bureau of Unemployment Compensation filed a motion for reconsideration of the ruling of December 6, 1960, to dismiss the appeal and to render final judgment for appellee.

June 20, 1961. Journal entry of the Common Pleas Court filed overruling motion for reconsideration, further finding that action of bureau in failing to determine claim in accord with

terms of statute effective October 16, 1959, was unlawful, and remanding cause to bureau for proceedings according to law.

July 1, 1961. Notice of appeal by Bureau of Unemployment Compensation to this court filed in Common Pleas Court from the order and judgment entered June 20, 1961.

The record does not show that any rehearing before the board of review was requested, nor that any notice of appeal from any rehearing was filed.

The Bureau of Unemployment Compensation, appellant herein, claims that the Court of Common Pleas did not have jurisdiction to review the action of the Unemployment Compensation Board of Review and therefore committed error in not dismissing the appeal to the Common Pleas Court.

This case involves the applicability of portions of Section 4141.28 of the Revised Code, in at least two of its forms. Effective from October 2, 1955, to and including October 14, 1959, the pertinent portions of the section read as follows:

"All interested parties shall be notified of the referee's decision and the reasons therefor, which shall become final unless, within ten days after such notification was mailed to the last known post-office address of such parties, the board on its own motion removes or transfers such claim to itself or, an application to institute a further appeal before the board is filed by any interested party and such appeal is allowed by the board.

"When any claim is removed or transferred to the board on its own motion, or when an application to institute a further appeal is allowed by the board, the board shall review the decision of the referee and shall either affirm, modify, or reverse such decision. Before rendering its decision, the board may remand the case to the referee for further proceedings. When the board disallows an application to institute a further appeal, or renders its decision affirming, modifying, or reversing the decision of the referee, all interested parties shall be notified of such decision or order by mail addressed to the last known post-office address of such parties.

"Any interested party may, within ten days after notice of the board's decision or order was mailed to the last known post-office address of such parties, file notice with the board of intention to appeal any such decision or order of the board adversely affecting such party to a Court of Common Pleas and

request a rehearing by the board. Such notice and request for rehearing shall be filed with the board in the manner and in the form and at such place as may be prescribed by the board. When any such notice and request is so filed with the board, the board shall afford all interested parties a fair rehearing. All interested parties shall be notified of the board's decision on rehearing and the reasons therefor by mail addressed to the last known post-office address of such parties. A complete record shall be kept of each case heard before the board on rehearing. All testimony of any rehearing before the board shall be recorded but need not be transcribed unless the disputed claim is appealed to a Court of Common Pleas.

"Any interested party may, within thirty days after notice of the decision of the board on rehearing was mailed to the last known post-office address of all interested parties, appeal from the decision of the board on rehearing to the Court of Common Pleas of the county wherein the appellant, if an employee, is resident or was last employed or of the county wherein the appellant, if an employer, is resident or has his principal place of business in this state. If the appellant is the administrator, such appeal may be taken either to the Court of Common Pleas of the county wherein the claimant is resident or was last employed or of the county wherein the most recent employer in the claimant's base period has his principal place of business. Such appeal shall be taken within such thirty days by the appellant by filing a notice of appeal with the clerk of the Court of Common Pleas, with the board, and upon all appellees by registered mail to their last known post-office address. Such notice of appeal shall set forth the decision appealed from and the errors therein complained of. Proof of the filing of such notice with the board shall be filed with the clerk. All other interested parties before the board or the referee shall be made appellees. The board upon written demand filed by an appellant shall within thirty days after the filing of such demand file with the clerk a certified transcript of the record of the proceedings on rehearing before the board pertaining to the decision complained of, and the appeal shall be heard upon such record certified by the board. A bill of exceptions shall not be required. After an appeal has been filed in the court, the board may, by petition, be made a party to such appeal. If the court finds that the decision was

unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision. Any interested party shall have the right to appeal from the decision of the court as in civil cases." 126 Ohio Laws, 351.

Effective on and after October 16, 1959, 128 Ohio Laws, 1308, 1331, the pertinent portions of the same section as enacted by House Bill No. 1130 read as follows:

"(L) All interested parties shall be notified of the referee's decision and the reasons therefor, which shall become final unless, within ten days after such notification was mailed to the last known post-office address of such parties, the board on its own motion removes or transfers such claim to itself or, an application to institute a further appeal before the board is filed by any interested party and such appeal is allowed by the board.

"(M) When any claim is removed or transferred to the board on its own motion, or when an application to institute a further appeal is allowed by the board, the board shall review the decision of the referee and shall either affirm, modify, or reverse such decision. Before rendering its decision, the board may remand the case to the referee for further proceedings. When the board disallows an application to institute a further appeal, or renders its decision affirming, modifying, or reversing the decision of the referee, all interested parties shall be notified of such decision or order by mail addressed to the last known post-office address of such parties.

"(N) Any interested party may, within thirty days after notice of the decision of the board was mailed to the last known post-office address of all interested parties, appeal from the decision of the board to the Court of Common Pleas of the county wherein the appellant, if an employee, is resident or was last employed or of the county wherein the appellant, if an employer, is resident or has his principal place of business in this state. If the appellant is the administrator, such appeal may be taken either to the Court of Common Pleas of the county wherein the claimant is resident or was last employed or of the county wherein the most recent employer in the claimant's base period has his principal place of business. Such appeal shall be taken within such thirty days by the appellant by filing a notice of ap-.

peal with the clerk of the Court of Common Pleas, with the. board, and upon all appellees by registered mail to their last known post-office address. Such notice of appeal shall set forth the decision appealed from and the errors therein complained of. Proof of the filing of such notice with the board shall be filed with the clerk. All other interested parties before the board. or the referee shall be made appellees. The board upon written demand filed by an appellant shall within thirty days after the filing of such demand file with the clerk a certified transcript of the record of the proceedings before the board pertaining to the decision complained of, and the appeal shall be heard upon such record certified by the board. A bill of exceptions shall not be required. After an appeal has been filed in the court, the board may, by petition, be made a party to such appeal. If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision. Any interested party shall have the right to appeal from the decision of the court as in civil cases.''

The amended form of Section 4141.28, effective only on October 15, 1959, is not claimed by either of the parties to be applicable to this appeal and we do not consider same except as hereinafter noted. Appellant contends the provisions of Section 4141.28, as first hereinbefore quoted, were applicable to any appeal taken to the Court of Common Pleas from a decision on a claim filed from its effective date to October 14, 1959, inclusive, that by reason thereof the only appeal which could be filed in the Common Pleas Court was from a decision of the board of review *on rehearing*, there being no provision for an appeal to be filed from the order of the board disallowing claimant's motion to institute further appeal. The claimant's contention is that the second of the hereinbefore quoted forms of the statute became effective October 16, 1959, and governed appeals in all pending proceedings.

If the only judgment or order before this court was the order of the Common Pleas Court overruling the motion to dismiss the appeal we would no doubt be required to dismiss the appeal to this court for the lack of a final appealable order. 2 Ohio

Jurisprudence (2d), 633, Appellate Review, Section 58. However, the Common Pleas Court went further, considered the appeal on its merits, apparently without further hearing, and re-. manded the cause to the bureau for further proceedings according to law, thus affecting a substantial right of the appellant herein.

The determination of the applicability of the two forms of Section 4141.28 hereinbefore quoted is dependent on the provisions of Section 1.20, Revised Code:

"When a statute is repealed or amended, such repeal or amendment does not affect pending actions, prosecutions, or proceedings, civil or criminal. When the repeal or amendment relates to the remedy it does not affect pending actions, prosecutions, or proceedings, unless so expressed, nor does any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

In this determination we are controlled by the pronouncements of the Supreme Court relating to appeals of unemployment compensation claims including those appearing at page 161 *et seq.*, of the case of *State, ex rel. Cleveland Ry. Co.*, v. *Atkinson, Admr.*, 138 Ohio St., 157:

"Under pronouncements of this court the undisposed of application of relator constituted a pending proceeding within the meaning of the statute. * * * Under the new appellate procedure every appeal in a civil action is the identical case passing into the upper court. There is no new pleading to invoke appellate jurisdiction, no further issuance of process to be served. It was likewise with the appeal from the decision of the commission. Such an appeal when taken would constitute a part of the pending proceeding and could not be taken away *without a clear and explicit expression to that effect in the amending statute. Implication or inference is insufficient; express provision is absolutely necessary.*" (Emphasis added.)

And with reference to amendments and repeals generally, the Supreme Court held in *Woodward, Admr.*, v. *Eberly*, 167 Ohio St., 177:

"1. Section 1.20, Revised Code, operates as a saving clause as to all statutes which amend or repeal prior legislation and makes applicable to pending actions the law as it existed before

the amendment or repeal, unless otherwise expressly provided in the amending or repealing act.''

In applying these principles of law to the instant case we must look, not only to House Bill No. 1130, adopted effective October 16, 1959, but also to Amended Substitute Senate Bill No. 210, effective only on October 15, 1959, to determine whether or not there was express provision in either of these amending acts to make either or both of them applicable to unemployment compensation claims filed *before* October 15, 1959. We find the following identical language in each of these acts:

''Recomputation of benefits.

''Section 3. Sections 4141.01 to 4141.46, inclusive, of the Revised Code, as amended by this act, shall apply to all applications for the determination of benefit rights filed on or after the effective date of this act. * * *'' 128 Ohio Laws, 283 and 1331.

The trial court herein construed the words, ''filed on,'' as pertaining to applications which had been filed before the effective date of the act which were still *on file* on the effective date of the act and concluded that the appeal provisions of Section 4141.28, Revised Code, as amended by House Bill No. 1130, effective October 16, 1959, became applicable to and governed the appeal to the Common Pleas Court of a claim filed for the week ending June 27, 1959. The trial court thus construed the words, ''filed on,'' as being synonomous with the words, ''on file.''

In view of the context of the quoted portion of House Bill No. 1130, we are of the opinion that if applicable to appeals at all, the interpretation of the trial court was erroneous. The preposition, ''on,'' is used in the prepositional phrase, ''on or after the effective date of this act,'' and relates to ''the effective date.'' It is not used in prepositional application to the word ''file.'' The word ''filed,'' in its generally accepted sense, implies delivery to the proper officer so that it is received by him to be kept on file. *Fulton, Supt. of Banks,* v. *State, ex rel. General Motors Corp.,* 130 Ohio St., 494; File, 36A Corpus Juris Secumdum, 396. Substituting this definition in House Bill No. 1130 it would read to the effect that the amendments shall apply to all applications for the determination of benefit rights delivered to the proper officer ''on or after (October 16, 1959) the effective date of this act.'' An application for the determination

of benefits delivered to the proper officer *before* the effective date of the act would not be delivered to the proper officer *on* the effective date of the act.

Following this construction, there is not, in our opinion, any language, either in House Bill No. 1130, *supra*, or Amended Substitute Senate Bill No. 210, *supra*, of the 128th legislative session, expressly providing that the appeal provisions thereof shall apply to pending actions or proceedings. Section 1.20 of the Revised Code thus operated as a savings clause in the enactment of both of these bills and twice saved and preserved the appeal provisions of Section 4141.28, Revised Code, as they existed at the time the claim for compensation, herein involved, was filed, proceedings on the said claim being still pending at the time of the amendments.

This being the case, the appeal provisions of Section 4141.28, Revised Code, in the form in which it existed from October 2, 1955, to October 14, 1959, inclusive, were applicable to the appeal herein to the Common Pleas Court. Such provisions permitted an appeal to the Common Pleas Court only "from the decision of the board *on rehearing*" (emphasis added) and the Common Pleas Court had no jurisdiction whatsoever to consider any appeal from an order of the board disallowing "an application to institute a further appeal." The Common Pleas Court not having jurisdiction to entertain the appeal herein, any order it might make on the merits of the appeal and to remand the cause to the bureau for proceedings according to law was null and void.

For the prejudicial error of the Common Pleas Court in not sustaining the motion to dismiss the appeal and for proceeding without jurisdiction, the order of the Common Pleas Court overruling the motion to dismiss the appeal entered on December 6, 1960, and the order on reconsideration and judgment of the Common Pleas Court entered on June 20, 1961, are each reversed and vacated, and this court, entering the order and judgment the Common Pleas Court should have rendered, orders and adjudges that the motion to dismiss the appeal to the Common Pleas Court be, and the same hereby is, sustained, and that the appeal to the Common Pleas Court be, and the same hereby is, dismissed, at the costs of the claimant, and it is further the order and judgment of this court that the cause be

remanded to the Common Pleas Court for execution of the judgment.

*Judgment accordingly.*

MIDDLETON and YOUNGER, JJ., concur.