TAGUE, APPELLEE, *v.* BOARD OF TRUSTEES,
OHIO STATE UNIVERSITY, ET AL., APPELLANTS.

[Cite as Tague v. Bd. of Trustees (1980),
61 Ohio St. 2d 136.]

(No. 79-204—Decided January 30, 1980.)

*Messrs. Riley & Riley* and *Mr. W. Michael Shay,* for appellee.

*Mr. William J. Brown,* attorney general, *Mr. Gerald H. Waterman* and *Mr. Robert L. Holder,* for appellant.

*Per Curiam.* To decide this cause, we need only determine whether the amendment to R. C. 4123.519 [1] denies appellee, with respect to her then pending claim with the board,[2] a previously accorded statutory remedy of direct appeal to the Court of Common Pleas. Since the amendment is silent on this question, we resort to R. C. 1.58.[3] Pursuant to R. C. 1.58, we determine that appellee's remedy of direct appeal is preserved.

---

[1] Effective January 17, 1977, R. C. 4123.519 was amended to delete the following emphasized language:

"The claimant or the employer may appeal a decision of the industrial commission***to the court of common pleas***. Like appeal may be taken from a decision of a regional board from which the commission has refused to permit an appeal to the commission *provided that the claimant may take an appeal from a decision of the administrator on application for reconsideration or from a decision of a regional board."*

[2] The question certified by the Court of Appeals refers more broadly to claims "filed with the *Bureau of Workers' Compensation"* (emphasis added) prior to the effective date of the amendment to R. C. 4123.519. Since both in the instant cause and in *Storch* v. *Daugherty, supra,* the claims were pending with the *board* on the effective date of the amendment, we so limit our analysis.

[3] R. C. 1.58 reads as follows:

"(A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:

"(1) Affect the prior operation of the statute or any prior action taken thereunder;

"(2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;

Under former R. C. 1.20,[4] the predecessor to R. C. 1.58, it was well established that once an action was pending, associated remedial rights extended by statute could not be eliminated by later amendment or repeal, unless a contrary legislative intent was expressly stated. *Smith* v. *N.Y. Central Rd. Co.* (1930), 122 Ohio St. 45, 52. Moreover, this rule was equally applicable to actions pending with agencies. *State, ex rel. Cleveland Ry. Co.,* v. *Atkinson* (1941), 138 Ohio St. 157. The terms of R. C. 1.58 indicate that the General Assembly intended it to be as protective in this regard as was R. C. 1.20. In pertinent part, R. C. 1.58 provides:

"(A) The reenactment, amendment, or repeal of a statute does not,***:

"***

"(2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;

"***

"(4) Affect any***proceeding***in respect of any such privilege***; and the***proceeding***may be instituted, continued, or enforced***, as if the statute had not been repealed or amended."

R. C. 1.58(A)(2) preserves appellee's remedy of direct appeal. Once her claim was pending with the board, pre-

---

"(3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;

"(4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended.

"(B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

[4] R. C. 1.20 provided:

"When a statute is repealed or amended, such repeal or amendment does not affect pending actions, prosecutions or proceedings, civil or criminal. *When the repeal or amendment relates to the remedy, it does not affect pending actions, prosecutions, or proceedings, unless so expressed,* nor does any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act." (Emphasis added.)

amendment R. C. 4123.519 extended her the right or privilege to choose between direct appeal to the Court of Common Pleas and a more circuitous route to that same end (*i.e.,* by first exhausting her appeal with the Industrial Commission). R. C. 1.58(A)(2) prohibits R. C. 4123.519 as amended from affecting this right or privilege. *Cf. Coca-Cola Bottling Corp.* v. *Lindley* (1978), 54 Ohio St. 2d 1, 9.

Additionally, R. C. 1.58(A)(4) preserves appellee's remedy of direct appeal. An appeal to the board is a "proceeding" within the meaning of R. C. 1.58(A)(4). *Cf. State, ex rel. Cleveland Ry. Co., supra,* at page 161. R. C. 1.58(A)(4) assures that this proceeding can be "continued***as if***[R. C. 4123.519] had not been repealed or amended."

Thus, we affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN and LYNCH, JJ., concur.

HERBERT J., concurs in the judgment.

LOCHER, J., dissents.

HOLMES, J., not participating because he was a Judge of the Court of Appeals which heard the case.

LYNCH, J., of the Seventh Appellate District, sitting for SWEENEY, J.

LOCHER, J., dissenting. The majority asserts that, once an action is pending, associated remedial rights extended by statute can not be eliminated by later reenactment, amendment or repeal unless the legislative intention is expressly stated. As appears hereinafter, such legislative intention is expressly stated.

Initially, it is noted that R. C. 4123.519, as amended, does not eliminate or deny appellee the substantive right to an appeal in the Court of Common Pleas. The appellee still has the right to appeal to the Court of Common Pleas according to R. C. 4123.519, but only after an appeal to the Industrial Commission according to R. C. 4123.516. Since the appellee's right to an appeal to the Court of Common Pleas is not eliminated, but rather only postponed, the reliance upon

*Smith* v. *N. Y. Central Rd. Co.* (1930), 122 Ohio St. 45, is quite tenuous as applied to the facts in the instant cause.

The appellee's failure to adhere to the newly amended procedural provisions of R. C. 4123.519 resulted in the dismissal of her claim.

In the instant cause, the appellee has a vested right to participate in the Workers' Compensation Fund, but the manner in which to establish this vested right is procedural. *State, ex rel. Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175; *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70; *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115.

In addition to the foregoing, the majority concludes that R. C. 1.58 is controlling since there is no express legislative intention as to the date for filing claims pursuant to amended R. C. 4123.519.

R. C. 1.58 is not applicable because amended R. C. 4123.519 expressly provides that "[t]his section [4123.519] applies to all decisions of the commission, the administrator, or a regional board of review on November 2, 1959, and all claims filed thereafter shall be governed by sections *** to 4123.519."

The clear legislation intention was to make this 1977 amendment applicable to all claims pending or filed after November 2, 1959. The legislature could easily have stated that the amended procedure was valid only for claims filed after January 17, 1977, the effective date of Am. Sub. S. B. No. 545. The failure to change the November 2, 1959, date clearly establishes the intention to make the amended provision applicable to all pending claims.

R. C. 4123.519, as amended, is part of the comprehensive Am. Sub. S. B. No. 545. By allowing the appellee to file directly in the Court of Common Pleas, in direct defiance of the amendment, the court has determined that separate sets of procedure will be applied for the ensuing years. Pursuant to R. C. 4123.52, a claim may be "pending" for the lifetime of the worker. Thus, all *"new"* claims will have different appealing procedures than *"pending"* claims. Such a result is most unreasonable and will have catastrophic administrative overtones.

In sum, the application of R. C. 4123.519, as amended, is

not dictated by R. C. 1.58, because the appellee did not have any vested rights in the procedure of review and because the statute expressly provides for the applicability date of November 2, 1959. The thrust and sweeping changes in Am. Sub. S. B. No 545 are to create a uniform system of administration for the Workers' Compensation Fund. The majority opinion contravenes that very intent.

For the foregoing reasons, I respectfully dissent.