DUFFY, EXRX., APPELLEE, *v.*
HEFFERNAN, APPELLANT; HEFFERNAN
ET AL., APPELLEES.

(No. 82AP-1094—Decided
March 31, 1983.)

*Messrs. Szolosi & Fitch* and *Mr. Stephen C. Fitch,* for appellee Ann Duffy, executrix.

*Mr. Edward A. Heffernan* and *Ms. Linda D. Cooper,* for appellant Edward A. Heffernan.

*Ms. Jane Heffernan, Ms. Ann Heffernan, Mr. Duffy Heffernan* and *Ms. Kathleen Hoff, pro se.*

MOYER, J. This matter is before us on the appeal of defendant-appellant, Edward A. Heffernan, from a judgment entry of the Franklin County Court of Common Pleas, Probate Division, authorizing the sale pursuant to R.C. 2127.04(B)(1) of real estate owned by Mary W. Heffernan at the time of her death.

Mary W. Heffernan died on September 26, 1981, leaving defendant and four other adult children as the sole beneficiaries under her will.

The will was admitted to probate on October 22, 1981, and plaintiff, Ann Duffy, was appointed executrix of the will. The will devised the decedent's sole property, her residence, in equal shares to her children.

On July 2, 1982, the executrix filed a complaint in probate court seeking an order authorizing the sale of the decedent's real estate pursuant to R.C. 2127.04(B)(1). The complaint alleged that each of the defendants held an undivided one-fifth beneficial interest in the real estate; that the defendants had been unable to agree upon the terms and conditions for the sale or disposition of the real estate; that the sale of the real estate, pursuant to R.C. 2127.04(B)(1), was in the best interest of the estate; and that sixty percent of the defendants had consented to the sale of the real estate. Attached to the complaint is a consent to the sale executed by three of the defendants.

Defendant Edward A. Heffernan filed an answer stating, *inter alia,* that R.C. 2127.04(B)(1) did not apply to plaintiff's complaint because it was not effective until February 1982.

Following a brief hearing on plaintiff's complaint, the trial court found that R.C. 2127.04 did not create a new substantive right and that the statute, therefore, could be used even though the decedent, whose property plaintiff sought to have partitioned, died prior to the effective date of the statute.

Defendant Edward A. Heffernan raises the following three assignments of error in support of his appeal:

"1. The trial court erred by ordering sale of testator's [*sic*] homestead property in opposition to the expressed intent of the testator [*sic*].

"2. It was error for the trial court to grant judgment to the plaintiff based on inapplicable law and since plaintiff otherwise failed to substantiate a case.

"3. The trial judge abused his discretion by disallowing defendant below to admit any evidence at trial and violating his Fourteenth Amendment rights to due

process and equal protection under the laws."

As the first and second assignments of error are interrelated, we will dispose of them together. R.C. 2127.04(B)(1), which became effective February 2, 1982, provides as follows:

"(B) An executor, administrator, or administrator with the will annexed may commence an action in the probate court, on his own motion, to sell any part or all of the decedent's real estate, even though it is not required to be sold to pay debts or legacies. The court shall not issue an order of sale in the action unless one of the following categories applies:

"(1) At least fifty per cent of all the persons interested in the real estate proposed to be sold have consented to the sale; and, prior to the issuance of the order, no written objection is filed with the court by any person or persons who hold aggregate interests in the interest of the decedent in the real estate proposed to be sold, that total in excess of twenty-five per cent; and the court determines that the sale is in the best interest of the decedent's estate."

Because Mary W. Heffernan died and her will was admitted to probate before the effective date of R.C. 2127.04(B)(1), the parties have argued that the issue to be decided by us in the first and second assignments of error is whether the statute, in the absence of any provision stating it is to be applied retrospectively, is procedural in nature and, therefore, applicable to the real estate left by Mary W. Heffernan, deceased. However, we find that an analysis of whether the statute is substantive or procedural is not the basis upon which this case should be decided.

Upon the death of Mary W. Heffernan, her children, who were the defendants in this case, all acquired rights to the real estate owned by her at the time of her death, and those rights were subject to disfeasance. R.C. 1.58 states in pertinent part that:

"(A) The reenactment, amendment, ·

or repeal of a statute does not, except as provided in division (B) of this section:

"(1) Affect the prior operation of the statute or any prior action taken thereunder;

"(2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;

"* * *

"(4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if the statute had not been repealed or amended."

At the time of decedent's death and at the time her will was admitted to probate, R.C. 2127.04 provided that the executor of an estate with the will annexed could commence an action in probate court for authority to sell any part or all of the decedent's real estate only if all the persons entitled to share in the estate upon its distribution consented to such a sale. The amendment changed the statute to permit a sale if only fifty percent of all the persons interested in the real estate consented and no more than twenty-five percent of such persons objected. The effect of the probate court's application of the amendment to R.C. 2127.04 was to "[a]ffect the prior operation of the statute [R.C. 2127.04]" so as to deny defendant the right he enjoyed prior to February 2, 1982 to be protected from a sale of the property in which he had an interest upon the consent of no less than all the beneficiaries.

The action of the probate court was, therefore, in violation of R.C. 1.58. See *Tague* v. *Bd. of Trustees* (1980), 61 Ohio St. 2d 136 [15 O.O.3d 168]; *International Harvester Co.* v. *Indus. Comm.* (Dec. 31, 1980), Franklin App. No. 80AP-474, unreported.

We hold that an executor or adminis-

trator may not use R.C. 2127.04(B)(1) to sell real estate of a decedent where the decedent died prior to February 2, 1982. The first and second assignments of error are sustained.

The third assignment of error is overruled because any error that may have been committed by the trial court is nonprejudicial to defendant as the result of our disposition of the first two assignments of error.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

WHITESIDE, P.J., and NORRIS, J., concur.