I do not agree that due process requires us to dismiss the State's appeal because Defendant-Appellee lacks personal knowledge of it, or that we should dismiss on that basis.
Due Process of law involves the essential rights of notice and hearing or opportunity to be heard. State v. Edwards (1952),157 Ohio St. 175. Those rights are conferred by constitutional provision on a party defendant when an action against him is commenced in a court of competent jurisdiction. The right of notice implies personal knowledge, actual or constructive, of the proceeding concerned. However, an appellate proceeding imposes no like notice requirement.
Prior to the adoption of the Appellate Procedure Act of 1936, a writ of error or a proceeding in error was essentially a new action. Charles v. Frawley (1904), 71 Ohio St. 50. Therefore, anappeal was an independent action, adversary in character, and an appellate court could not acquire jurisdiction of the case until the defendant was legally brought before it. Craig v. Welply
(1922), 104 Ohio St. 312. Since the adoption of the Act, "every appeal in a civil action is the identical case passing into the upper court. There is no new pleading to invoke appellate jurisdiction, no further issuance of process to be served." Stateex rel. Cleveland Ry. Co. v. Adkinson (1941), 138 Ohio St. 157,162.
Though Atkinson made reference to appeals in a civil action, there is no basis, in my view, to treat a criminal appeal any differently regarding its identity as the same case that was before the trial court. The same rules of appellate procedure govern both civil and criminal appeals with respect to an appellee's right of notice. Criminal cases are different in that a defendant is put in jeopardy of a loss of liberty. However, no new, additional, or different jeopardy attaches on account of an appeal by either party.
A criminal defendant's due process rights of notice and opportunity to be heard are satisfied by the procedures involved in an arraignment before the trial court at the commencement of the case. So long as the charges against the defendant remain undetermined, the State may take an appeal pursuant to R.C.2945.67(A) from any order that the trial court enters, other than a final verdict. The appeal does not change the identity of the case, but only invokes the jurisdiction of the appellate court. Because there is no new process to be served on the appellee, the appellate court is not deprived of jurisdiction to review any alleged error in the order that the trial court entered merely because the appellee lacks personal knowledge of the appeal.
These distinctions underscore a fact that an appellate court's function is not to resolve a conflict between the parties, but is to review an error which the trial court allegedly committed in itself resolving that conflict. Thus, different rules of procedure apply. For example, while a criminal defendant has a clear right to be present at every phase of the proceeding before the trial court per Crim.R. 43(A), no similar right exists with respect to appellate proceedings. The same applies to an appellee's right of notice in a criminal case when an appeal is taken.
Two caveats apply to the foregoing views. First, they have no relation to or impact on a criminal defendant's right to counsel on appeal, which is guaranteed by the Sixth Amendment. Second, they assume that the State may take an appeal pursuant to R.C. 2945.67(A) as a matter of right, instead of by leave of court, as the State has done here, from an R.C. 2945.73 order of discharge. State v. Matthews (1998), 81 Ohio St.3d 375, construed the particular motions granting relief from which an appeal may be taken by the state as a matter of right to be exclusive. Whether an R.C. 2945.73 order is within those categories is open to question. However, that issue is not before us.
I would proceed to decide the State's appeal on the error assigned, absent a finding that we lack jurisdiction to do so on some other basis.